# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-50653
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lucas Victorino-Tista,

*Defendant—Appellant*,

consolidated with

---

No. 21-50671

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Lucas Vidorino Tista-Sis,

*Defendant—Appellant*.

No. 21-50653
c/w No. 21-50671

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-199-1
USDC No. 4:21-CR-61-1

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Lucas Victorino-Tista appeals his conviction and sentence for entry after deportation under 8 U.S.C. § 1326(a) and (b)(1), along with the revocation of the term of supervised release he was serving at the time of the offense. Because his appellate brief does not address the validity of the revocation or the revocation sentence, he abandons any challenge to that judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

For the first time on appeal, Victorino-Tista contends that it violates the Constitution to treat a prior conviction that increases the statutory maximum under § 1326(b) as a sentencing factor, rather than as an element of the offense. He correctly concedes that the argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve it for further review. The Government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its brief.

As the Government asserts and as Victorino-Tista concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Because the Government's position "is clearly right as a matter of law so that there can be no substantial

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50653
c/w No. 21-50671

question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED.